IN THE OREGON TAX COURT

Otto M. GOBINA
*v.*
DEPARTMENT OF REVENUE
(TC 3159)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 5, 1992.

### CARL N. BYERS, Judge.

This matter is before the court on cross Motions for Summary Judgment. The basic facts are undisputed.

Plaintiff entered the United States from Cameroon in 1979 to attend Portland State University. His status from 1979 until May, 1988, was as a nonimmigrant student with an F-1 Visa. *See* 8 USC § 1101(a)(15)(F). In 1982, due to unforeseen circumstances, plaintiff found it necessary to seek employment. Except for two to three months in 1986, plaintiff worked for the City of Portland from 1982 until May or August of 1988. To maximize his spendable income, plaintiff claimed exemption from withholding. Defendant claims that plaintiff's income earned from 1986 through 1988 is subject to taxation and assessed taxes, penalties and interest.

The issue is whether the income earned by plaintiff is subject to taxation by Oregon.

Plaintiff claims his income is exempt because his employment was "sought and maintained solely due to unforseen [sic] educationally related economic hardship and expenditures." Plaintiff claims that federal income tax guidelines support his position that his income was not taxable. However, the court is unable to find any authority to support plaintiff's position.

In Rev Rul 67-159, 1967-1 CB 280, the Internal Revenue Service ruled that a student with an F-1 Visa was not subject to withholding for FICA and unemployment tax but was taxable and subject to withholding for income tax.

IRC § 117 provides limited exclusions from tax for certain scholarships and fellowships. However, plaintiff has made no claim that the income received was either a scholarship or fellowship. Plaintiff simply obtained employment to earn money. The court notes that scholarships and fellowships that are only partially excluded from taxation are subject to withholding tax. Rev Proc 88-24, 1988-1 CB 800.

■ Since plaintiff was subject to federal income tax he is likewise subject to Oregon income tax. ORS 316.007. Accordingly, defendant's Opinion and Order No. 90-3077 covering the years 1986, 1987 and 1988 must be affirmed. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is denied. Costs to neither party.